[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2007
THOMAS K. KAHN
CLERK

----------------------------------------

No. 06-12904
Non-Argument Calendar

----------------------------------------

BIA No. A97-660-553

HUI WANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

-----------------------------------------------------------------

Petition for Review of a Decision of the
Board of Immigration Appeals

-----------------------------------------------------------------

**(May 2, 2007)**

Before EDMONDSON, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

Hui Wang, a native and citizen of China, petitions for review of the

affirmance by the Board of Immigration Appeals ("BIA") of the decision of the

Immigration Judge ("IJ"). The decision denied asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). No reversible error has been shown; we deny the petition.

We review the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well"). We review de novo the legal determinations of the BIA. Id. Factual determinations are reviewed under the "highly deferential" substantial evidence test; and we must "affirm the . . . decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotation omitted). Therefore, a finding of fact will be reversed "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal . . . ." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 2245 (2005). "A credibility determination, like any fact finding, may not be overturned unless the record compels it." Forgue, 401 F.3d at 1287 (internal quotation omitted).

An alien may obtain asylum if he is a "refugee," that is, a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including religion and political opinion. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Al Najjar, 257 F.3d at 1284.

On appeal, Wang argues that the BIA erred in making an adverse credibility determination against him because, to the extent that his testimony was inconsistent with other evidence, these inconsistencies were minor. Wang also asserts that he has shown past persecution or a well-founded fear of future persecution to establish eligibility for asylum based on his political opinion. We disagree.

Here, the BIA agreed with the IJ's adverse credibility determination and explained that (1) Wang did not submit adequate evidence proving his identity; (2) Wang failed to explain how he traveled from China to the United States, even though he testified that the journey lasted several months; (3) the State Department has determined that "abortion certificates," which Wang submitted to document his wife's forced abortions in China, are not reliable; (4) Wang "made up" a story to explain why his wife's identification number was listed differently on his

3

child's birth certificate and on his wife's identification; and (5) Wang failed to submit evidence demonstrating that he would be harmed for leaving China without permission. The BIA also considered that Wang indicated during his credible fear interview that family planning officials "aborted the baby," whereas Wang later testified that his wife underwent two forced abortions. And, as the BIA noted, even though family planning officials fined Wang for marrying and having a child "too early," Wang and his wife continued to live at his cousin's house for almost one year without paying the fine. Wang's wife has remained at his cousin's house since Wang left China in 2003.

The BIA provided specific and cogent reasons for its credibility determination, which is supported by substantial evidence. See D-Muhumed v. U.S. Attorney Gen., 388 F.3d 814, 819 (11th Cir. 2004). Nothing in the record compels us to substitute our judgment on this issue. And the BIA indicated that it considered other evidence in the record -- besides Wang's testimony -- in denying his application for asylum. See Forgue, 401 F.3d at 1287 ("[A]n adverse credibility determination does not alleviate the [BIA's] duty to consider other evidence produced by an asylum applicant."). Although the BIA did not discuss every piece of evidence submitted by Wang, it was not required to do so. See Tan v. U.S. Attorney Gen., 446 F.3d 1369, 1376 (11th Cir. 2006).

4

The record does not otherwise compel reversal of the BIA's decision that Wang was not eligible for asylum.[1]  For example, the State Department's Profile on China indicates that Embassy officials are unaware of "abortion certificates" issued after forced abortions, that evidence of coerced abortions and sterilizations in Fujian Province -- where Wang lived -- was scant, that relocation within China was possible, and that persons who returned to China after leaving the country illegally were detained only briefly and rarely were fined.  Wang's failure to establish eligibility for asylum forecloses his eligibility for withholding of removal and Convention Against Torture relief.  See Forgue, 401 F.3d at 1288 n.4.

**PETITION DENIED.**

---

[1]Wang has filed a motion to supplement the record with additional documents that support his claim for asylum.  Because we cannot consider evidence outside of the administrative record, we do not consider Wang's new evidence; and we deny his motion to supplement the record.  See 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based.").